JOHN M. GRIMES, Appellant, v. PHOEBE E. HENDERSON et al., Respondents.

**St. Louis Court of Appeals, March 29, 1898.**

1. **Promissory Note**: MARRIED WOMEN: CONSIDERATION. The finding of facts by the trial court shows that only $4 of the consideration of the note arose after the statutes of this state were adopted making married women liable in actions at law upon notes and other contracts. *Held*, that the judgment will be affirmed as to the wife, and modified as to the husband, so as to conform to the stipulation filed by him in court.

2. **Practice, Trial**: PRACTICE, APPELLATE. The cause was submitted to the court without a jury. No declarations of law were asked or given at the trial. In such cases the finding and judgment must be affirmed, if they can be sustained on any theory of law applicable to the facts adduced on the trial.

*Appeal from the Pike Circuit Court*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED (*with directions*).

No briefs furnished.

BOND, J.—This is a suit upon a promissory note for $372.74, dated March 1, 1894, and payable to plaintiff one day after date, with eight per cent interest, which was executed by defendants, P. E. and William Henderson, who are husband and wife. The wife answered in the lower court, averring her coverture and that the note was without consideration in that it was given for the debt of her husband created at a period prior to the enactment of the laws charging married women on their contracts. No reply was filed. The cause was submitted to the court without a jury and judgment rendered for plaintiff for $4, against both defend-

ants. Plaintiff appealed. The husband filed a stipulation in this court authorizing judgment against himself for the full amount of the note and interest. No declarations of law were asked or given on the trial. In such cases the finding and judgment must be affirmed, if they can be sustained on any theory of law applicable to the facts adduced on the trial. The finding of facts by the trial court shows that only $4 of the consideration of the note arose after the statutes of this state were adopted making married women liable in actions at law upon notes and other contracts. While the evidence does not show the exact date of the marriage of the defendants, it does appear from the testimony of plaintiff himself that they were husband and wife, that this relationship had existed continuously and for "a long time," nor was there any claim in the trial court that it did not exist during the whole period of the transactions for which the note in suit was given. Under this state of the record, we can not say there was no evidence to sustain the finding of the trial court, and as that is conclusive as to the facts in this court, the judgment will be affirmed as to the wife, and modified as to the husband, so as to conform to the stipulation filed by him in this court, to which end this cause will be remanded. All concur.